BARNET VOSBURGH *vs.* JANE BROWN.

In an action at law, for the recovery of money, against a married woman having a separate estate and conducting business on her own separate account, who does not set up her coverture as a defence, an ordinary money judgment is in proper form.

APPEAL from an order made at a Special Term. The facts are sufficiently stated in the opinion of the court.

*By the Court*, P. POTTER, J. The defendant was sued as a married woman. She does not set up her coverture as a defence. The legal effect of her answer is, that she admits the right to make her a party. She admits the services performed, and sets up payment and counter claim. She does not deny, but admits, that the services charged were for her own separate estate. Under this issue she offered, under the provisions of section 385 of the Code, to allow judgment to be taken against her for $60. The plaintiff refused to accept the offer. A trial was had before a referee, which resulted in a report in favor of the plaintiff for $53.18. This entitled the defendant to costs, unless there was some defect in the offer of judgment. The plaintiff claims,

Vosburgh *v.* Brown.

that inasmuch as this was the offer of a mere money judgment, and did not add consent or the right to enter it against her separate estate, it was not good; or not as good as the report of the referee ; and that this entitles the plaintiff to costs.   In this view I think the plaintiff's counsel is clearly mistaken.  A confession or an offer of judgment upon that issue, would be that the judgment follow the issue made by the pleadings.   Besides, the authority is fully conferred by section 274 of the Code.   Judgments are to be entered against married women in the same manner as other persons.   What judgment could be so entered?   Why, the judgment she offered.   Such judgment is to be collected of her separate estate, and not otherwise.   How are judgments collected against the estates of other persons?   By an execution directing its levy against the estate of the debtor.   This was simply an action at law.   The execution must be in the appropriate form.   Had the case been in equity, upon a claim that her separate estate had been benefited, requiring the interposition of that court by decree to make her estate liable, then such form of the decree or judgment might be appropriate ; but in an action at law for the recovery of money against a married female conducting business on her own separate account, a recovery of a money judgment only, is in proper form.   The order of the Special Term should be affirmed, with $10 costs.

Order affirmed with $10 costs.

[THIRD DEPARTMENT, GENERAL TERM, at Albany, March 5, 1873. *Miller*, *P. Potter* and *Daniels*, Justices.]